Mohamed Fawzer v. Whitaker

BIA
Vomacka, IJ
A205 442 791

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand eighteen.

PRESENT:
>       JOHN M. WALKER, JR.,
>       DENNIS JACOBS,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges.*

_____

MOHAMED FAZLAN MOHAMED FAWZER,
        *Petitioner,*

        v.                                    16-3128
                                              NAC

Matthew G. Whitaker, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Joshua E. Bardavid, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General;

Leslie McKay, Senior Litigation Counsel; Virginia L. Gordon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Fazlan Mohamed Fawzer, a native and citizen of Sri Lanka, seeks review of an August 17, 2016, decision of the BIA affirming an October 30, 2014, decision of an Immigration Judge ("IJ") denying Fawzer's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Fazlan Mohamed Fawzer,* No. A205 442 791 (B.I.A. Aug. 17, 2016), *aff'g* No. A205 442 791 (Immig. Ct. N.Y. City Oct. 30, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., excluding the adverse credibility determination, which the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d

2

520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). An asylum applicant bears the burden of establishing that he suffered past persecution or has a well-founded fear of future persecution in the country of removal on account of a protected ground ("race, religion, nationality, membership in a particular social group, or political opinion"). 8 U.S.C. § 1101(a)(42); *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010). For applications such as Fawzer's, governed by the REAL ID Act of 2005, the applicant must show a "sufficiently strong" nexus to a protected ground by demonstrating that the protected ground is or will be "at least one central reason" for his persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *Castro v. Holder,* 597 F.3d 93, 100 (2d Cir. 2010.) As the BIA has explained, "the protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment. That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Matter of J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007).

We conclude that the record evidence here does not compel the conclusion that Fawzer met his burden of establishing eligibility for asylum and for withholding of removal by showing a nexus exists between the harm he allegedly suffered and fears suffering and either his religion or his pro-United National Party ("UNP") political opinion.[1]  The BIA reasonably concluded that Fawzer's asserted mistreatment arose not from a protected ground but from a business dispute involving an individual named Chandana, who obtained an SUV from Fawzer's father's car dealership.  Chandana, with others, allegedly kidnapped Fawzer after Fawzer sought to hold Chandana to his end of the bargain in connection with the SUV.  The record shows that Fawzer repeatedly sought payment of the money his family was owed, that he reported Chandana to the police, and

---

[1] Fawzer did not challenge the IJ's determination to deny CAT relief before the Board and has therefore waived that claim.  *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA . . . [and] generalized protestations or the mere statement that removal would be improper lack the specificity required for preservation."); *see also* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .").  Furthermore, even if we could review it, he does not raise the issue of CAT relief with any specificity in his brief to this Court.  *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

4

that Chandana, in allegedly visiting harm on Fawzer, repeatedly referred to Fawzer's efforts to obtain the money. In such circumstances and viewing the record as a whole, we cannot conclude that the agency acted unreasonably in determining that Fawzer's alleged persecutors "were motivated by financial gain" and that insults directed at Fawzer's religion and political affiliation were "incidental or tangential to the persecutor's actual motive."[2]

Fawzer argues that record evidence shows that Chandana made demeaning remarks about Muslims and also commented on Fawzer's UNP support while harming him. This evidence, however, does not compel the conclusion that Chandana was motivated to harm Fawzer for these reasons. As we have said in the past, "we cannot accept that any use of an ethnic slur perforce renders ethnicity the motivation for any concomitant

---

[2] To the extent Fawzer argues the BIA failed to address his fears of future persecution, he is incorrect. The BIA explicitly stated in its decision that "[b]ecause the respondent has not demonstrated that a protected ground under the Act was at least one central reason for the harm he experienced *and fears upon return*," he has not met his burden. Certified Administrative Record ("CAR") at 4 (emphasis added). Because the basis for all his claims revolved around the Chandana incident, the finding that any past persecution suffered did not have a nexus to a protected ground means that any future fears would not either. *See Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010) ("Eligibility for both asylum and withholding of removal requires that an applicant demonstrate a nexus between the persecution he alleges (or fears) and an asserted protected ground . . . .").

5

infliction of harm" but must "allow the IJ to make a finding regarding the attackers' motivation, and uphold that finding where it is supported and absent compelling evidence to the contrary." *Candra v. Gonzales*, 219 F. App'x. 53, 55 (2d Cir. 2007) (summary order); *see also Gonzales-Posadas v. Att'y Gen. of U.S.*, 781 F.3d 677, 686-87 (3d Cir. 2015) (record supported finding that homophobic slurs did not establish motive where other evidence, including petitioner's own statements, suggested that alleged persecutors wished to coerce petitioner into paying extortion or joining a gang); *Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009) (concluding that ethnic slur did not compel conclusion that ethnicity was a central motivating reason for attempted sexual assault). Here, as the BIA noted, Fawzer's own asylum statement affirmed that Chandana "kept returning to the central theme of asking sarcastically whether the respondent needed 'the money back now.'" Certified Administrative Record ("CAR") at 4 (BIA Opinion); *see Lie v. Ashcroft*, 396 F.3d 530, 535 (3d Cir. 2005) (concluding that BIA's nexus decision was supported by substantial evidence where, even though alleged persecutors used ethnic slurs, "significant evidence support[ed] the conclusion that the attackers were

6

motivated by money"). And even if a reasonable factfinder could have reached a determination different from the IJ's, this Court must uphold an administrative finding of fact as to motive unless a petitioner shows "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution" on the basis of a protected ground. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

---

[3] Similarly, Fawzer's arguments as to letters submitted by his family are unavailing. The IJ clearly gave little weight to the letters, saying this about Fawzer's corroborating evidence: "The respondent's corroborating evidence in general is not very compelling." CAR 76; *see also* CAR 84 ("The Court believes that the corroborating evidence in this case taken altogether is far from sufficient" given the discrepancies between it and petitioner's testimony). If the BIA erred in not reviewing the corroborating evidence, its failure to do so was harmless, given the standard of review. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weighing of evidence "lies largely within the discretion of the IJ") (internal quotation marks and brackets omitted); *see also Vente v. Gonzales*, 415 F.3d 296, 300-01 (3d Cir. 2005) (finding that because corroboration was never an issue in petitioner's case, it was not error for BIA to fail to conduct an "independent corroboration analysis" after reversing IJ's credibility analysis and finding petitioner was credible but nonetheless did not meet his burden of proof).

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

8